UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SIMPLY NATURAL HARVEST, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br> vs. <br><br> UNITED FARM GROUP, LLC, a Texas limited liability company; MARK CHANG, an individual; and ROBERT RODRIGUEZ, an individual, <br><br> Defendants. | § § § § § § § § § § § § § § § § Civil Action No. 5:21-cv-565 |

## CIVIL ACTION COMPLAINT

Plaintiff, Simply Natural Harvest, LLC commences this lawsuit to seek damages under Texas law and to enforce its rights and remedies under the Perishable Agricultural Broccoli Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, federal common law, and state law against Defendants.

### PARTIES

1. Plaintiff is Simply Natural Harvest, LLC, a Delaware limited liability company with its principal place of business located in Dallas, Texas ("Simply Natural").

2. Defendants are:

a) United Farm Group, LLC, a Texas limited liability company with its principal place of business located in San Antonio, Texas ("United").

b) Mark Chang, an individual who resides in this district ("Chang").

c) Robert Rodriguez, an individual who resides in this district ("Rodriguez").

## JURISDICTION

3. In accordance with 28 U.S.C. §1331, this Court has jurisdiction because Simply Natural's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. In accordance with 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Simply Natural's other claims.

## VENUE

5. Under 28 U.S.C. §1391(b), venue is proper, because a substantial part of the events and omissions underlying this lawsuit occurred in this district, United had an operation in this district during the transactions at issue, and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. Between September 11, 2020, and September 30 2020, Simply Natural and United entered into five contracts for Simply Natural to sell certain types of broccoli, in interstate commerce, to United, totaling $81,639.50 (the "Broccoli").

7. United received and accepted the Broccoli.

8. Simply Natural issued and sent invoices to United reflecting the agreed upon amounts owed by United.

Complaint - 2

9. Simply Natural's invoices included terms and conditions for payment of pre-judgment interest accruing at the rate of 18% per annum.

10. Simply Natural's invoices included terms and conditions provided for payment of attorneys' fees and costs if collection action becomes necessary.

11. United neither denied receiving the invoices, nor contested the terms and conditions on Simply Natural's invoices.

12. United failed to pay for the Broccoli, despite Simply Natural's repeated demands for payment.

13. Simply Natural has retained Meuers Law Firm, P.L. and Rames Law Firm, P.C. to represent it in this matter, and has agreed to pay each firm a reasonable fee for its services.

## CLAIMS FOR RELIEF

### COUNT I:  UNITED

### BREACH OF CONTRACT

14. Simply Natural re-alleges ¶¶1 through 13.

15. As detailed in ¶6, Simply Natural entered into contracts with United to sell the Broccoli to United in interstate commerce.

16. Simply Natural issued invoices to United for the Broccoli.

17. United breached those contracts by failing to pay for the Broccoli.

18. Simply Natural fully performed all conditions precedent to the agreed contracts.

19. Because United breached the parties' contracts, Simply Natural has incurred damages in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Simply Natural seeks a judgment in its favor and against United in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT II:  DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U. S.C. §499e(c)*

20. Simply Natural re-alleges ¶¶1 through 13.

21. As detailed in ¶6, Simply Natural entered into contracts with United to sell the Broccoli to United in interstate commerce.

22. Broccoli is a perishable agricultural commodity, or produce, as defined by PACA.

23. During the transactions, United was engaged in the business of buying and selling produce as a dealer, and held a valid PACA license, number 20200586, issued by the United States Department of Agriculture.

24. After receiving the Broccoli, United became a trustee of the PACA trust, 7 U.S.C. §499e(c), for Simply Natural's benefit in an amount no less than $81,639.50.

25. During the transactions, Simply Natural held a valid PACA license issued by the United States Department of Agriculture, number 20200604.

26. By holding a valid PACA license, Simply Natural used its invoices to preserve its rights as a PACA trust beneficiary of United by including the required statutory statement on each invoice timely sent to United.

27. United failed to pay for the Broccoli.

28. Simply Natural is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from United's assets subject to the PACA trust.

For these reasons, Simply Natural seeks an Order declaring that it holds a valid PACA trust claim in an amount no less than $81,639.50 against United, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

### COUNT III:  UNITED

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)*

29. Simply Natural re-alleges ¶¶1 through 13 and 21 through 28.

30. Assets subject to the PACA trust include United's inventories of produce (including the Broccoli), food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

31. United has custody of, and possesses and controls PACA Trust Assets that belong to Simply Natural.

32. United must hold PACA Trust Assets for Simply Natural's benefit.

33. Because United failed to use the PACA Trust Assets to pay Simply Natural for the Broccoli, Simply Natural has suffered damages in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Simply Natural seeks an Order directing United to immediately pay to Simply Natural, as a PACA trust beneficiary, PACA Trust Assets equal to an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV:  UNITED

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

34. Simply Natural re-alleges ¶¶1 through 13, 21 through 28, and 30 through 33.

35. United received and accepted the Broccoli.

36. PACA requires United, as a PACA trustee, to hold its PACA Trust Assets in trust for Simply Natural and other unpaid produced sellers and suppliers, if any, that possess valid PACA trust claims, until they have received full payment.

37. United failed to maintain sufficient PACA Trust Assets to satisfy all valid PACA trust claims, including Simply Natural's claim.

38. Because United failed to maintain and protect the PACA Trust Assets from dissipation, Simply Natural has suffered damages in an amount no less than

$81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Simply Natural seeks an Order:

(i) Creating a common fund from which all PACA trust beneficiaries may receive payment;

(ii) Directing United to maintain PACA Trust Assets in an amount no less than $81,639.50, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims;

(iii) Directing United to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

(iv) Enjoining United from dissipating PACA Trust Assets.

## COUNT V: UNITED

### FAILURE TO PAY PROMPTLY
*7 U.S.C. §499(b)(4)*

39. Simply Natural re-alleges ¶¶1 through 13 and ¶23.

40. PACA requires United, a PACA licensee, to tender full payment promptly to its unpaid produce suppliers and sellers.

41. United failed to pay for the Broccoli within payment terms for each transaction.

42. Because United has failed to pay promptly, Simply Natural has suffered damages in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Simply Natural seeks an Order directing United to pay it immediately in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

### COUNT VI:  CHANG AND RODRIGUEZ
### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

43. Simply Natural re-alleges ¶¶1 through 13, 21 through 28, 30 through 33, and 35 through 38.

44. During the transactions at issue, Rodriguez was a member, director, officer, investor, or shareholder of United.

45. During the transactions at issue, United listed Rodriguez as a "Reported Principal" on United's PACA license, and is listed as the manager of United in the Texas Secretary of State's records.

46. During the transactions, Chang was a member, director, officer, investor, shareholder, or employee of United.

47. In their respective capacities, Chang and Rodriguez controlled, or were in positions to control United's PACA Trust Assets.

48. Chang and Rodriguez each had full knowledge and responsibility for United's operations and financial dealings.

49. Chang and Rodriguez each had a duty to ensure that United fulfill its duties as trustee of the PACA trust.

50. Chang and Rodriguez each had a duty to ensure that United maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

51. United breached its fiduciary duty as PACA trustee of the PACA trust when it failed to maintain sufficient PACA Trust Assets to satisfy Simply Natural's PACA trust claim.

52. Chang and Rodriguez breached their respective fiduciary duties by failing to cause United to fulfill its duties as PACA trustee.

53. Because Chang and Rodriguez breached their respective fiduciary duties, Simply Natural has suffered damages in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Simply Natural seeks a Judgment in its favor and against Chang and Rodriguez – jointly and severally – in the amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any PACA Trust Assets recovered by Simply Natural.

## COUNT VII: CHANG AND RODRIGUEZ

### UNLAWFUL RETENTION OF PACA TRUST ASSETS

54. Simply Natural re-alleges ¶¶1 through 13, 21 through 28, 30 through 33, 35 through 38, and 44 through 53.

55. During the transactions at issue, Rodriguez was a member, director, officer, investor, or shareholder of United.

56. During the transactions at issue, United listed Rodriguez as a "Reported Principal" on United's PACA license, and is listed as the manager of United in the Texas Secretary of State's records.

57. During the transactions, Chang was a member, director, officer, investor, shareholder, or employee of United.

58. Simply Natural believes that United transferred PACA Trust Assets to Chang and Rodriguez.

59. Transferring PACA Trust Assets to Chang and Rodriguez breaches United's PACA trust duties, as these assets lawfully belong to Simply Natural and similarly situated PACA trust beneficiaries of United.

60. When Chang and Rodriguez received the PACA Trust Assets, they each knew, or should have known that United had breached its fiduciary duties to maintain sufficient PACA Trust Assets to satisfy Simply Natural's PACA trust claim.

61. Because Chang and Rodriguez unlawfully retained PACA Trust Assets, Simply Natural has suffered damages in an amount totaling the value of the PACA Trust Assets received by each, less any PACA Trust Assets recovered by Simply Natural.

For these reasons, Simply Natural seeks an Order:

 (i) Directing Chang and Rodriguez to hold any PACA Trust Assets in their respective possession or control in constructive trust for Simply Natural's benefit;

 (ii) Directing Chang and Rodriguez to pay an amount totaling all PACA trust assets they each received to Simply Natural; and

 (iii) Entering Judgment against Chang and Rodriguez in an amount totaling all PACA Trust Assets they each received to the extent of $81,639.50, plus interest, costs, and attorneys' fees, less any PACA Trust Assets recovered by Simply Natural.

**FOR THESE REASONS,** Simply Natural requests:

A. On Count I, a Final Judgment in its favor and against United, in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B. On Count II, an Order declaring that Simply Natural possesses a valid PACA trust claim in an amount no less than $81,639.50 against United, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

C. On Count III, an Order directing United to immediately pay PACA Trust Assets to Simply Natural equal to the sum of $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D. On Count IV, an Order creating a common fund from which all PACA trust beneficiaries may receive payment, directing United to maintain

    PACA Trust Assets in an amount no less than $81,639.50, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims, directing United to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining United from dissipating PACA Trust Assets;

E. On Count V, an Order directing United to immediately pay Simply Natural an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F. On Counts II through V, a Final Judgment in its favor and against United, in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

G. On Count VI, a Final Judgment in Simply Natural's favor and against Chang and Rodriguez – jointly and severally – in an amount no less than $81,639.50, plus interest from the date each invoice became past due, costs, and attorneys' fees, less PACA Trust Assets recovered by Simply Natural;

H. On Count VII, an Order directing Chang and Rodriguez to hold any PACA Trust Assets in their respective possession or control in constructive trust for Simply Natural's benefit, directing Chang and Rodriguez to each pay Simply Natural an amount totaling all PACA Trust Assets they each received, and entering Judgment against Chang and Rodriguez in an amount totaling all PACA Trust Assets they each

received to the extent of $81,639.50, plus interest, costs, and attorneys' fees, less any PACA Trust Assets recovered by Simply Natural; and

I. Providing all other relief this Court deems appropriate upon consideration of this matter.

Respectfully submitted on June 14, 2021.

| | |
|---|---|
| **MEUERS LAW FIRM, P.L.**<br>Steven M. De Falco<br>*(Pro Hac Vice Forthcoming)*<br>Fla. Bar No. 0733571<br>5395 Park Central Court<br>Naples, FL   34109<br>Telephone: (239) 513-9191<br>Facsimile:  (239) 513-9677<br>sdefalco@meuerslawfirm.com | **RAMES LAW FIRM, P.C.**<br><br>By:  s/Lindsey M. Rames<br>     Lindsey M. Rames<br>     Texas Bar No. 24072295<br>     3710 Rawlins Street<br>     Suite 975<br>     Dallas, TX  75219<br>     Telephone: (214) 884-8860<br>     Facsimile:  (888) 482-8894<br>     lindsey@rameslawfirm.com<br><br>*Attorney for Plaintiff, Simply Natural Harvest, LLC* |